COS COB VOLUNTEER FIRE COMPANY NO. 1, INC., ET AL. *v.* FREEDOM OF INFORMATION COMMISSION ET AL. (13657)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued May 3—decision released July 11, 1989

*Susan P. Liemer,* commission counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellant (named defendant).

*William Nathaniel Carroll,* for the appellees (plaintiffs).

Covello, J. This is an appeal from a decision of the Superior Court overruling an order of the Freedom of Information Commission (FOIC) that required the named plaintiff, the Cos Cob Volunteer Fire Company No. 1 (CCVFC), to open to the public certain portions of its meetings. The dispositive issue is whether the FOIC acted arbitrarily in concluding that certain portions of the CCVFC meetings were not "operational" within the meaning of General Statutes § 7-314 (b), and thus were subject to the open meeting provision of General Statutes § 1-21 (a). We conclude that the FOIC did not act arbitrarily and therefore we set aside the judgment and remand the case with direction to dismiss the plaintiffs' appeal.

The relevant facts are not in dispute. The CCVFC is a volunteer fire department in the Cos Cob section of the town of Greenwich. On April 2, 1987, the complainant, Lawrence Orrico, a nonmember, attended a meeting of the CCVFC. Orrico was asked to leave the meeting.

Orrico thereafter filed a complaint with the FOIC alleging that the CCVFC violated his right to attend the meeting as provided by General Statutes § 1-21 (a).[1] The CCVFC responded that it was not subject to the provisions of § 1-21 (a) because it was not a public agency within the meaning of General Statutes § 1-18a (a).[2] It further claimed that even if it were a public agency its meetings would be exempt from the Freedom of Information Act (FOIA) by reason of General Statutes § 7-314 (b) which provides that: "Any operational meeting of active members of a volunteer fire department shall not be subject to the provisions of sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive."

The FOIC held a hearing on the matter and concluded that with respect to the bulk of its activities the CCVFC was a public agency within the meaning of § 1-18a (a). The FOIC also made the following factual findings: "[T]his meeting included, among others, the following activities: a. a report by the chief on the fires responded to, including the number of fires and the manpower used[;] b. a report by the treasurer on the budget[;] c. a report by the house committee on the condition of the firehouse[;] d. reports by other committees . . . . "

The FOIC concluded that these activities were not operational in nature "and to the extent they [did] not concern fraternal activities, [were] subject fully to the open meetings provisions of the Freedom of Informa-

---

[1] General Statutes § 1-21 (a) provides in part: "MEETINGS OF GOVERN-MENT AGENCIES TO BE PUBLIC. RECORDING OF VOTES. SCHEDULE AND AGENDA OF MEETINGS TO BE FILED. NOTICE OF SPECIAL MEETINGS. EXECU-TIVE SESSIONS. (a) The meetings of all public agencies, except executive sessions as defined in subsection (e) of section 1-18a, shall be open to the public."

[2] General Statutes § 1-18a (a) provides in relevant part: " 'Public agency' or 'agency' means any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency . . . . "

tion Act." The FOIC found, however, that certain other activities were operational and therefore not subject to the open meeting requirement. The commission found that the meeting included "e. [a] discussion of the current radio procedures and returning to a town-wide paging system[;] f. [and a] discussion of social activities." The FOIC concluded that the discussion of the radio procedures was an operational activity and, therefore, that portion of the meeting was not subject to the open meeting requirement. Finally, the FOIC found that "respondents are not [acting as] public agencies within the meaning of § 1-18a (a) when they are performing purely fraternal or social functions," and thus concluded that the discussion of social activities was not subject to the open meeting provision.

On July 8, 1987, the FOIC accepted and adopted[3] the hearing officer's recommendation and ordered the CCVFC to "allow the public to attend those portions of the meetings in which they undertake those "non-fraternal" activities listed [above]," i.e., the reports on the budget, the condition of the firehouse, and the fires to which the department responded. The plaintiffs appealed this decision to the Superior Court.

The trial court agreed with the FOIC's conclusion that the CCVFC was a public agency but found that the FOIC had failed to adopt any definitive meaning for the term "operational meeting." The trial court concluded that "in failing to reveal the criteria it utilized in making its determination, [with respect to which activities on the agenda were 'operational,'] the FOIC acted arbitrarily." The trial court sustained the appeal in accordance with General Statutes § 4-183 (g).[4] The

---

[3] See Regs., Conn. State Agencies § 1-21j-38.

[4] General Statutes § 4-183 (g) provides in part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify

FOIC appealed this decision to the Appellate Court and we thereafter transferred the case to ourselves pursuant to Practice Book § 4023.[5]

On appeal the FOIC claims that the trial court erred in interpreting the term "operational" and in sustaining the plaintiffs' appeal and reversing the FOIC's decision. We agree.

"Ordinarily, the construction and interpretation of a statute is a question of law for the courts where the administrative decision is not entitled to special deference, particularly where, as here, the statute has not previously been subjected to judicial scrutiny or time-tested agency interpretations. *Texaco Refining & Marketing Co.* v. *Commissioner of Revenue Services,* 202 Conn. 583, 599, 522 A.2d 771 (1987) . . . . Nevertheless, ' "[j]udicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, *in light of the evidence,* the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." ' . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Emphasis in original.) *New Haven* v. *Freedom of Information Commission,* 205 Conn. 767, 773–74, 535 A.2d 1297 (1988).

---

the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

[5] On appeal the FOIC agrees that the CCVFC is a public agency and therefore that portion of the trial court's decision is not in dispute.

Words of a statute "must be construed according to their commonly approved usage. General Statutes § 1-1 (a)." *Van Norstrand* v. *Freedom of Information Commission,* 211 Conn. 339, 342–43, 559 A.2d 200 (1989). The term "operational," although not defined by statute, is commonly understood to mean "[o]f or pertaining to an operation or a series of operations." American Heritage Dictionary of the English Language. The FOIC found that various reports on the fires responded to, the budget, and the condition of the firehouse directly related to a governmental function and, thus, were not "operational" matters. Therefore, the FOIC concluded, those portions of the meetings were subject to the open meeting requirement of the FOIA. In disputing the accuracy of the FOIC's interpretation, the trial court supplied its own definition of "operational meeting." The trial court concluded that "operational meetings are those that deal with the operating or functioning of the fire company, i.e. all meetings at which fire department operations are discussed."

It is axiomatic that the trial court may not substitute its judgment for that of the agency. See General Statutes § 4-183 (g); *State Medical Society* v. *Board of Examiners in Podiatry,* 208 Conn. 709, 717, 546 A.2d 830 (1988); *New Haven* v. *Freedom of Information Commission,* supra, 773; *C&H Enterprises, Inc.* v. *Commissioner of Motor Vehicles,* 176 Conn. 11, 12, 404 A.2d 864 (1978); *DiBenedetto* v. *Commissioner of Motor Vehicles,* 168 Conn. 587, 589, 362 A.2d 840 (1975). In excluding "operational meeting[s]" of volunteer fire departments from the open meeting requirement, the legislature could have provided criteria for determining what activities constituted "operational" activities or it could have otherwise defined the term. It chose to do neither. Thus the FOIC was left to decide whether the facts and circumstances surrounding the plaintiff's

meeting gave rise to a conclusion that the meeting, or certain portions of the meeting, were "operational" within the broad meaning of that term. When the legislature uses a broad term, such as "operational meeting[s]," in an administrative context, without attempting to define that term, it evinces a legislative judgment that the agency should define the parameters of that term on a case-by-case basis. See *West Hartford Education Assn., Inc.* v. *DeCourcy,* 162 Conn. 566, 295 A.2d 526 (1972). Thus we cannot agree with the trial court that the FOIC acted arbitrarily in failing to reveal the criteria it used in making its determination.

"The agency's practical construction of the statute, if reasonable, is 'high evidence of what the law is.' *Anderson* v. *Ludgin,* [175 Conn. 545, 556–57, 400 A.2d 712 (1978)]; *Wilson* v. *West Haven,* 142 Conn. 646, 657, 116 A.2d 420 [1955]." *Board of Trustees* v. *Freedom of Information Commission,* 181 Conn. 544, 552, 436 A.2d 266 (1980). In view of the record as a whole, we conclude that the FOIC acted well within the discretion delegated to it in interpreting the term "operational meeting" and applying that term to the facts before it.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the plaintiff's appeal.

In this opinion the other justices concurred.