[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal arises from a decision of the Freedom of Information Commission ("FOIC"), #FIC 89-74[1], which the plaintiff, Phillip Ottochian, seeks to reverse. That order directed the Superintendent of the Wallingford Public Schools, Robert Nicoletti, to release certain information concerning the plaintiff to the defendant/complainant, George L. Bozzi, Jr. The plaintiff claims that the:
 final decision prejudiced the plaintiff's substantial rights because it was: (a) in violation of statutory provisions, including C.G.S. Section 10-151c; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly CT Page 1830 erroneous in view of the reliable, probative and substantial evidence on the whole record; and/or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.[2]
The plaintiff filed the instant petition for review on October 13, 1989. The defendants are the FOIC, Bozzi (the complainant) and Nicoletti (the respondent). The FOIC was served on October 18, 1989, and Nicoletti and Bozzi were served on October 20, 1989. On November 7, 1989, the court, O'Neill, J., granted the plaintiff's motion to stay enforcement of the FOIC decision in #FIC 89-74. On February 6, 1990, the FOIC filed a record summary of #FIC 89-74 consisting of 18 exhibits. The FOIC answered the petition on March 8, 1990, and Bozzi answered on March 19, 1990. The defendant Nicoletti has not appeared. On April 9, 1990, the court, Freed, J., granted the FOIC's motion to seal the unredacted letters.
Appeals of FOIC decisions may be taken to the Superior Court pursuant to Section 4-183 of the Connecticut General Statutes, which is the appeal provision of the Uniform Administrative Procedure Act (UAPA). Connecticut General Statutes Section1-21i(d) (rev'd to 1989). "Any party aggrieved by the decision of said commission may appeal therefrom, in accordance with the provisions of Section 4-183." Connecticut General Statutes Section 1-21i(d) (rev'd to 1989).
The FOIC granted the plaintiff's motions to intervene in the FOIC proceedings below because it said he is the subject of the documents at issue. However, "[i]t is fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." Connecticut Business Industries Assn., Inc. v. Commission on Hospitals and Health Care, 214 Conn. 726, 729
(1990). The test to determine aggrievement is two-fold.
 First the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. CT Page 1831
Id. at 730. The plaintiff offered testimony through Mr. Wilson, Assistant Superintendent of the Wallingford Schools and former principal of Lyman Hall High School, which established that Mr. Ottochian was the subject of certain letters, portions of which were directed to be disclosed by FOIC order #FIC 89-74, the subject of the instant appeal. Further, that those letters commented on Mr. Ottochian's performance as a school employee and that both Mr. Ottochian and the Wallingford Educational Association, the local teachers' union, had formally objected to their release. The plaintiff clearly has a personal interest in the letters which are arguably legally protected from disclosure under Connecticut General Statutes Section 10-151c and Section1-19 (b)(2) and their public disclosure may specially injure him. Aggrievement, therefore, exists as a matter of law.
Another preliminary item to be mentioned is the scope of judicial review. Upon an appeal from a decision of the FOIC, the court cannot find facts nor can it substitute its discretion for that of the FOIC. Generally, the scope of review under the UAPA is:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . .The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the conclusions, or decision are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Connecticut General Statutes Section 4-183(g) (rev'd to 1989).
The record discloses the following events: The plaintiff, an intervenor in the two administrative proceedings leading to the present appeal, is a teacher, coach and athletic director at Lyman Hall High School in the Wallingford Public School System.[3] The complainant, Bozzi, sought information from the respondent, Robert Nicoletti, the Superintendent of the Wallingford Public Schools, about alleged violations committed at Lyman Hall High School of state regulations governing high school football practice CT Page 1832 sessions.[4] On February 22, 1989, #FIC 88-457, the FOIC ordered the respondent to produce copies of two letters, redacted to remove any evaluative information about the plaintiff to comply with Connecticut General Statutes Section 10-151c and Section1-19b(2), the personnel file exemption.[5] The letters were sent between Dale A. Wilson, the principal of Lyman Hall, and Michael H. Savage, the assistant executive director of the Connecticut Interscholastic Athletic Conference (CIAC), and discuss the violations committed at Lyman Hall, the plaintiff's participation in the violations and remedial actions taken by the school.[6]
The FOIC order #88-457 states in pertinent part:
 10. It is found that those two letters contain information about the Lyman Hall High School 1987 football team's violations of CIAC regulations and the school football coach's performance with regard to those violations.
 11. It is found that the information about the coach's performance evaluates his performance.
 12. It is also found, however, that some of the information concerns only the violations of the CIAC regulations and is not evaluative of the coach's performance.
 13. It is concluded that the evaluative information is exempt from disclosure under Section 10-151c.
 14. It is further concluded that the non-evaluative information is not exempt from disclosure under Section 10-151c.
 16. It is found that the disclosure of the information that pertains only to the team's violations of CIAC regulations and does not evaluate the coach's performance could in no way invade the personal privacy of the coach.
 17. It is concluded, therefore, that the information described in paragraph 16, above, is not exempt from disclosure under Section 1-19 (b)(2), G.S.[7]
CT Page 1833
The respondent sent the complainant copies of the letters with redactments made by the respondent and his lawyer.[8] The complainant filed a complaint with the FOIC, docket #FIC 89-74, alleging that the respondent failed to comply with the FOIC order, #88-457.[9] A hearing was held on July 13, 1989, before hearing officer Gloria Schaffer.[10] On October 5, 1989, the FOIC issued a final decision in #FIC 89-74, finding that the respondent redacted non-evaluative as well as evaluative information from the letters.[11] It concluded that the respondent failed to comply with the order in #FIC 88-457 and ordered the respondent to send the letters to the complainant again. This time it specified exactly which portions of the letters should be redacted.[12]
The plaintiff contends that the court should reverse the FOIC because the FOIC impermissibly ordered the school superintendent to disclose "evaluative" information under Connecticut General Statutes Section 10-151c. The plaintiff further argues that Section 10-151c is not a statute that the FOIC is charged with enforcing, and that, therefore, the FOIC's interpretation of what is "evaluative" under the statute should not be given any deference.
The FOIC argues that it acted within its discretion and that its decision is substantiated by the record. The defendant FOIC also contends that the letters at issue are arguably not the type of records intended by the legislature to be exempt from disclosure under Section 10-151c. Nevertheless, the FOIC says it recognizes that portions of the letters are records of teacher performance and evaluation and states that its order allows for the redaction of material exempt under the statute.
Section 10-151c provides:
 Any records maintained or kept on file by a local or regional board of education which are records of teacher performance and evaluation shall not be deemed to be public records and shall not be subject to the provisions of section 1-19, provided that any teacher may consent in writing to the release of his records by a board of education. Such consent shall be required for each request for a release of such records. For the purposes of this section the term "teacher" shall include each certified professional employee below the rank of superintendent employed by a board of education in a position CT Page 1834 requiring a certificate issued by the state board of education.
Connecticut General Statutes Section 10-151c.
The FOIC isolated specific phrases within the letters at issue and deemed only those phrases to be exempt from disclosure under the above statute. Although neither party argues against this partial redaction, Section 10-151c on its face exempts "records", not material or portions of records. However, in Cos Cob Volunteer Fire Co., No. 1 v. FOIC, 212 Conn. 100 (1989), the court upheld an FOIC decision labeling portions of an agency meeting operational, and therefore exempt from public attendance, thus allowing the public to attend those parts of the meeting not deemed operational. Applying the same logic as the Cob case, in the instant case, "records" should be recognized to include portions of records in the same manner that "meeting" can mean portions of a meeting. See id. at 103.
In the instant case, the FOIC concluded that information about the football team's violations of the practice regulation and information that does not discuss the coach's performance is not a record of teacher performance and evaluation.[13] The court has before it in the administrative record copies of the unredacted letters, under seal, a copy of the FOIC decision ordering redaction of certain portions of the letters, and the redacted letters as sent to the complainant.
In Cos Cob Volunteer Fire Co., the court stated:
 It is axiomatic that the trial court may not substitute its judgment for that of the agency. . . .In excluding "operational meeting[s] of volunteer fire departments from the open meeting requirement, the legislature could have provided criteria for determining what activities constituted "operational" activities or it could have otherwise defined the term. It chose to do neither. Thus the FOIC was left to decide whether the facts and circumstances surrounding the plaintiff's meeting gave rise to a conclusion that the meeting, or certain portions of the meeting, were "operational" within the broad meaning of that term. When the legislature uses a broad term, such as "operational meeting[s]," in an administrative context, without attempting to define CT Page 1835 that term, it evinces a legislative judgment that the agency should define the parameters of that term on a case-by-case basis. . . .
Cos Cob Volunteer Fire Co., 212 Conn. 100, 105-06 (1989) (citations omitted). The court concluded that the FOIC acted within its delegated discretion in interpreting "operational meeting." Id. at 106.
Both the statute in the present case and the statute in Cos Cob exempt certain information from the FOIC's open records or open meetings laws. Also, as in Cos Cob, in the present case, the legislature has not defined the parameters of "records of teacher performance and evaluation." Furthermore, the FOIC in this case, as in Cos Cob, had to decide whether the letters or portions of the letters were "records of teacher performance and evaluation."
With these similarities in mind, in the instant case the FOIC redacted information in the letters charging the plaintiff with violating the football practice regulation. The FOIC redacted mention of any action taken against the plaintiff as a result of the violation. The information ordered disclosed by the FOIC does not evaluate the performance of the plaintiff. In view of the record as a whole, the court concludes that the FOIC's findings are not clearly erroneous, arbitrary, capricious or an abuse of discretion.
Therefore, the plaintiff's appeal is dismissed.
SANTOS, J.
ENDNOTES