[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR AEP PROGRAM
This is an application by the defendant who has been charged with operating under the influence (Section 14-227a of the General Statutes) for treatment in the pretrial alcohol education program. (Section 54-56g of the General Statutes). The impediment to his receiving the program is that the applicant had already received this very program in September of 1989.
The defendant argues that his receiving the program on a prior occasion should not prevent him from receiving it again. The court disagrees.
The language of the statute specifically provides that prior to admission the defendant state "under oath, in open court . . . under penalties of perjury that he has never had such system invoked in his behalf. . . ." Section 54-56g(a) of the General Statutes. Where the language used by the legislature is plain and unambiguous, there is no room for statutory construction by the courts and the statute will be applied as its words direct.Kilduff v. Adams, Inc., 219 Conn. 314, 336, 593 A.2d 478 (1991). Words used in statutes "shall be construed according to the commonly approved usage of language. . . ." Section 1-1 of the General Statutes. Cos Cob Volunteer Fire Co. No. 1 Inc. v. FOIC,212 Conn. 100, 105, 561 A.2d 429 (1989). The statute does not place any time restrictions or limitations for prior admissions to the program, but instead expressly states that the defendant must state under oath that he has never had the system invoked in his behalf. The statute is clear and unambiguous. The defendant cites no case law, and none has been found, to contradict this language. Since the defendant has admitted that he previously had this system invoked in his behalf, he is not eligible for the program.
Notwithstanding the considerable personal merits of the defendant, his application is, accordingly, denied.
By the Court,
CHARLES D. GILL, J. CT Page 4915