[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this administrative appeal from a decision of the Freedom of Information Commission (hereinafter FOIC), which appeal is filed pursuant to § 4-183 of the Connecticut General Statutes.
The record reflects that the Board of Selectman of the Town of Orange convened a non-public session on February 13, 1996 in order to discuss what action to take with respect to an arbitration award regarding the Orange Teachers Contract. The purpose of this closed session was to decide if such award should be accepted, rejected or no action taken, in which event the decision of the arbitrators would become final after expiration of 25 days. It is the position of the Respondent herein that such closed session was for the purpose of conducting "strategy or negotiations with respect to collective bargaining" and thus CT Page 258 was not a meeting under § 1-18a(b) of the Connecticut General Statutes.
The Petitioner, on the other hand argues that there could be no strategy or negotiation discussed since the Board could do nothing more than determine which of the three alternatives discussed above should be chosen.
Rejecting the proposed conclusion of the Hearing Officer, the full Commission found that, at the closed session, the Board discussed "strategy with respect to collective bargaining" with: the meaning of § 1-18a(b) and therefore such session was not "a meeting" under that section.
The Petitioner asks the court to overturn that finding on the part of the Respondent Commission.
The role of the trial court in an appeal from an administrative decision has been set forth in Hartford ElectricLight Co. v. Water Resources Commission, 162 Conn. 89, 107-108
(1971):
 The function of a trial court is to look only to the materials before the agency and "to determine from the record whether the facts found by the commission are supported by the record, whether they furnish justifiable reasons for the action . . . and whether it has acted illegally or has exceeded or abused its powers.
In passing upon the action of the Commission, the court should not substitute its own judgment or discretion for that of the agency. Cos Cob Volunteer Fire Co. No. 1, Inc. v. FOIC,212 Conn. 100, 105 (1989).
The record in this case supports the facts found and the conclusion of the full Commission that the non-public session concerning which the petitioner complains dealt with strategy with respect to collective bargaining and was thus not a meeting.
Accordingly, the petitioner's appeal is dismissed.
THOMPSON, J. CT Page 259