[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This an administrative appeal from a decision of defendant Freedom of information Commission (FOIC) directing the defendant Superintendent of Schools, Plymouth Public Schools and defendant Board of Education, Town of Plymouth, to disclose material relating to incidents in which school employees were alleged to have allowed students to have access to pornography or sexually explicit material. This appeal, brought pursuant to General Statutes §§ 1-21i(d) and 4-183(b), raises the issue of whether records concerning the plaintiff, Frank Carpenter, which were ordered disclosed by the FOIC, are "records of teacher performance and evaluation" within the meaning of General Statutes § 10-151c, and therefore exempt from required public disclosure. For the reasons set forth below, the appeal is dismissed.
The factual background is as follows. The defendants Matthew Brown, Ken Byron, and the Hartford Courant requested, by letter CT Page 14012 dated June 2, 1997, certain records from the defendant Plymouth Superintendent of Schools. The Hartford Courant requested, under the Freedom of Information Act, access to all records "relating to incidents in which school employees are alleged to have allowed, either inadvertently or intentionally, students to have access to pornography or sexually explicit material." (Return of Record (ROR), p. 15.) On the following day, the Superintendent wrote to the plaintiff and informed him of the request, and asked whether the plaintiff consented to disclosure of the requested records. (ROR, p. 16.) On June 4, 1997, the plaintiff objected to the disclosure of such information. (ROR, p. 17.) The Superintendent then denied the request for information, subsequent to which defendants Brown, Byron, and the Hartford Courant filed a complaint with defendant FOIC. (ROR, p. 14; ROR, p. 1.) The FOIC held a hearing on Brown's complaint on October 3, 1997, at which Commissioner Vincent M. Russo presided as hearing officer. (ROR, p. 24.) At the hearing, the plaintiff teacher, Frank Carpenter, who was alleged to have allowed access to the sexually explicit material, appeared and was made a party. (ROR, p. 28.) The records concerning the allegations about Carpenter's conduct were submitted to the FOIC for an in-camera inspection. (ROR, p. 18.) Commissioner Russo issued a report of the hearing officer dated January 5, 1998, which was considered and adopted as a final decision by the FOIC at its February 18, 1998 regular meeting. (ROR, pp. 44-55.)
The FOIC's final decision, dated February 18, 1998, included the following findings of fact and conclusions of law:
 7. It is found that the requested records are public records within the meaning of §§ 1-18a(5), G.S. (prior to October 1, 1997, § 1-18a(d), G.S.) and 1-19(a), G.S.
 8. Section 1-19(a), G.S., provides in relevant part that "[e]xcept as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours . . ."
9. The respondents submitted to the Commission for in-camera inspection all existing records responsive to the complainants' request, CT Page 14013 which records have been designated by the Commission as in-camera document #s 1997-175-A1-A6; 1997-175-B1-B8; and 1997-175-C1-C3, inclusive.
 10. With respect to the allegation contained in paragraph 6, above, the respondents contend that various provisions of the FOI Act provide bases to withhold the requested records.
 11. Specifically, the respondents contend that in-camera document #s 1997-175-B1-B8; and 1997-175-C1-C3, inclusive, which the respondents describe as preliminary notes of the respondent superintendent's investigation, are exempt from mandatory disclosure by virtue of § 1-19(b)(1), G.S.
 12. Section 1-19(b)(1), G.S., in relevant part states:
 [n]othing in the [FOI] Act shall be construed to require disclosure of . . . preliminary drafts or notes provided the public agency has determined that the public interest in withholding such documents clearly outweighs the public interest in disclosure . . .
13. Section 1-19(c), G.S., in relevant part states;
 [n]otwithstanding the provisions of [§ 1-19(b)(1), G.S.] . . . disclosure shall be required of . . . interagency or intraagency memoranda or letters, advisory opinions, recommendations or any report comprising part of the process by which governmental decisions and policies are formulated . . .
14. Upon inspection of in-camera document #s 1997-175-B1-B8; and 1997-175-C1-C3, inclusive, it is found that such documents are preliminary notes within the meaning of § 1-19(b)(1), G.S., and that they are not memoranda, letters, advisory opinions, recommendations or reports within the CT Page 14014 meaning of § 1-19(c), G.S. It is further found that the respondents determined that the public interest in withholding such records outweighs the public interest in disclosure.
 15. It is therefore concluded that in-camera document #s 1997-175-B-B8; and 1997-175-C1-C3, inclusive, are exempt from disclosure under the provisions of § 1-19(b)(1), G.S.
 16. The respondents contend that they are precluded from disclosing in-camera
document #s 1997-175-A1-A6 by virtue of § 1-20a, G.S.
17. Section 1-20a(b), G.S., in relevant part states:
 [w]henever a public agency receives a request to inspect or copy records contained in any of its employees' personnel or medical files and similar files and the agency reasonably believes that the disclosure of such records would legally constitute an invasion of privacy, the agency shall immediately notify in writing . . . each employee concerned . . . Nothing herein shall require an agency to withhold from disclosure the contents of personnel or medical files and similar files when it does not reasonably believe that such disclosure would legally constitute an invasion of personal privacy.
18. Section 1-20a(c), G.S., in relevant part states:
[a] public agency which has provided notice under subsection (b) of this section shall disclose the records requested unless it receives a written objection from the employee concerned . . . within seven business days from the receipt by the employee . . . Upon the filing of an objection as provided in this subsection, the agency shall not disclose the requested records unless ordered to do so by the Freedom of Information CT Page 14015 Commission pursuant to section 1-21i . . .
 19. Section 1-19(b)(2), G.S., provides for the nondisclosure of "personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy."
 20. In Perkins v. Freedom of Information Commission, 228 Conn. 158, 175 (1993), the Supreme Court set forth the test for the exemption contained in § 1-19(b)(2), G.S. The claimant must first establish that the files in question are personnel, medical or similar files. Second, the claimant must show that disclosure of the records would constitute an invasion of personal privacy. In determining whether disclosure would constitute an invasion of personal privacy, the claimant must establish both of two elements: first, that the information sought does not pertain to legitimate matters of public concern, and second, that such information is highly offensive to a reasonable person.
 21. It is found that in-camera document #s 1997-175-A1-A6 are contained in an employee personnel file within the meaning of § 1-19(b)(2), G.S.
 22. However, it is further found that such records pertain to legitimate matters of public concern in that they relate to the conduct of a public school employee during class hours. Accordingly, such documents are not exempt from disclosure under § 1-19(b)(2), G.S., and are subject to mandatory disclosure pursuant to § 1-19(a), G.S.
 23. Mr. Carpenter contends that § 10-151c, G.S., provides a basis to withhold the requested records.
 24. Section 10-151c, G.S., in relevant part provides that:
[a]ny records maintained or kept on file by CT Page 14016 any local or regional board of education which are records of teacher performance and evaluation shall not be deemed to be public records and shall not be subject to the provisions of § 1-19, provided that any teacher may consent in writing to the release of his records by a board of education . . .
 25. It is found that in-camera document #s 1997-175-A1-A6 do not constitute records of employee performance and evaluation within the meaning of § 10-151c, G.S. It is further found that such documents relate to a specific incident of alleged misconduct.
 26. It is therefore concluded that in-camera
document #s 1997-175-A1-A6, inclusive, are not exempt from disclosure by virtue of § 10-151c, G.S.
 27. As a result of the foregoing, it is concluded that the respondents violated the provisions of § 1-19(a), G.S., by failing to provide the complainants with prompt access to inspect in-camera document #s 1997-175-A1-A6, inclusive.
(ROR, pp. 51-53)
On the basis of those findings the FOIC ordered the Superintendent of Schools and the Board of Education of the Town of Plymouth to provide Matthew Brown, Ken Byron and the Hartford Courant with access to inspect the requested documents, other than the preliminary notes. (ROR, p. 54.) It is from that decision and order that the plaintiff has appealed to this court.
The issue before the court in this appeal is whether records concerning the plaintiff, which were ordered disclosed by the FOIC, are "records of teacher performance and evaluation" within the meaning of § 10-151c, and therefore, exempt from required public disclosure. These records were introduced into evidence (sealed) at the trial before this court and have been reviewed by this court. CT Page 14017
The court reviews the issues in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act. Dolgner v. Alander, 237 Conn. 272, 280 (1996). The scope of permissible review is governed by § 4-183(j)[1]
and is very restricted. Cos Cob Volunteer Fire Co.No. 1, Inc. v. FOIC, 212 Conn. 100, 104 (1989); New Haven v. FOIC,205 Conn. 767, 774 (1988). The court may not retry the case or substitute its judgment for that of the agency. C.H. Enterprises.Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12 (1978). "The conclusion reached by the defendant must be upheld if it is legally supported by the evidence . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him.Hart Twin Volvo Corp. v. Commissioner of Motor Vehicles,165 Conn. 42, 49 (1973). See Paul Bailey's Inc. v. Kozlowski,167 Conn. 493, 496-97 (1975)." (internal quotation marks omitted.) Lawrence v. Kozlowski, 171 Conn. 705, 708 (1976), cert. denied,431 U.S. 969 (1977). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency in issuing its orders, acted unreasonably, arbitrarily or in abuse of its discretion."Dolger v. Alander, supra, 237 Conn. 280-81.
"The interpretation of statutes presents a question of law . . . Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts . . . it is for the courts, and not administrative agencies, to expound and apply governing principles of law." (Citations omitted; internal quotation marks omitted.)Connecticut Humane Society v. FOIC, 218 Conn. 757, 761-62 (1991);Domestic Violence Service of Greater New Haven, Inc. v. FOIC,47 Conn. App. 466, 470-71 (1998).
The plaintiff argues that § 10-151c exempts the requested documentation of misconduct from disclosure. Section 10-151c
provides in pertinent part:
Any records maintained or kept on file by any local or regional board of education which are records of teacher performance and evaluation shall not be deemed to be public records and shall not be subject to the provisions of § 1-19, provided that any teacher may consent in writing to the release of his records by a board of education . . . CT Page 14018
The FOIC found that the requested records did not constitute records of employee performance and evaluation, and that the documents related solely to a specific incident of misconduct. This finding was based on the fact that only the teacher's personal conduct was at issue and nothing in the requested records related to the plaintiff's teaching or other professional duties. This determination appears to be controlled by our Supreme Court's holding in Ottochian v. Freedom of InformationCommission, 221 Conn. 393 (1992). In Ottochian, the Supreme Court held that the FOIC's determination that the legislature did not intend to exempt from disclosure non-evaluative information from a letter pertaining to a teacher was reasonable and, therefore, would be upheld. Id., 399. In Ottochian, the Supreme Court rejected the broad construction of § 10-151c, noting that when the legislature uses a broad term in an administrative context, such as "record of teacher performance and evaluation," the agency should define the parameters of that term on a case by case basis. Id., 398-99.
In the present case, the court has examined all documents submitted for in-camera review. This court finds that the documents do not constitute records of employee performance and evaluation within the meaning of § 10-151c. The documents do relate to a specific incident of alleged misconduct. Thus, the FOIC's findings in this regard were correct.
"The Freedom of Information Act expresses a strong legislative policy in favor of the open conduct of government and free public access to government records." Wilson v. Freedom ofInformation Commission, 181 Conn. 324, 328 (1980). See also,Chairman v. Freedom of Information Commission, 217 Conn. 193, 196
(1991); Maher v. Freedom of Information Commission,192 Conn. 310, 315 (1984). "The general rule under the Freedom of Information [Act] is disclosure with exceptions to the rule being narrowly construed." Perkins v. Freedom of InformationCommission, 228 Conn. 158, 167 (1993); Superintendent v. Freedomof Information Commission, 222 Conn. 621, 626 (1992); Rose v.Freedom of Information Commission, 221 Conn. 217, 232 (1992).
In the present case, the FOIC's findings and determinations are fully supported by the evidence and by existing case law. Accordingly, the plaintiff's appeal is dismissed.
Michael Hartmere, J. CT Page 14019