[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a final decision of defendant, Freedom of Information Commission ("FOIC"), directing the plaintiff, First Selectman, Town of Columbia ("Town"), to provide the complainant, John M. Leahy. with access to all project files and arbitration hearing transcripts pertaining to a construction dispute between the Town and J.S. Nasin Company. This appeal, brought pursuant to General Statutes §§ 1-206(d) and 4-183 of the Uniform Administrative Procedure Act ("UAPA"), raises the issue of whether project files and arbitration hearing transcripts are public records within the meaning of General Statutes § 1-200(5).[1] For the reasons set forth herein, the appeal is dismissed.
The administrative record sets forth the following factual background, which is undisputed. During late August or early September of 1999, Mr. CT Page 14840 Leahy made an oral request to the Town for access to all project files and arbitration hearing transcripts pertaining to a construction dispute between the Town and J.S. Nasin Company in order to assess the likely tax impact on his community. (Return of Record ("ROR") Item 1, p. 1.) By letter dated September 8, 1999, the Town, after consulting with its attorney, denied Mr. Leahy's request and informed him that the requested records would not be available for inspection until the conclusion of the arbitration process. (ROR, Item 7, p. 20.) The Town also claimed the inspection would disrupt the preparations for arbitration since the records had all been sorted and marked. (ROR, Item 6, p. 19.) By letter dated September 13, 1999, Mr. Leahy appealed to the FOIC alleging that the Town had violated the Freedom of Information Act ("FOIA") by denying his request for access to the records. The subject records requested by Mr. Leahy concerned a dispute between the Town and J.S. Nasin regarding a school construction project submitted to an American Arbitration Association panel ("AAA panel"). At the time of the hearing before the FOIC, the underlying dispute pending before the AAA panel had not been resolved.
At the hearing before the FOIC, the Town argued that the records and transcripts were not public records subject to disclosure under the provisions of FOIA. The Town also asserted that the records were exempt from disclosure because they contained the attorney's work product but failed to identify or designate the documents claimed to be exempt or to offer them for an in camera inspection by FOIC. In its final decision, the FOIC concluded that although the plaintiff did not personally maintain the arbitration hearing transcripts, they were public records regardless of their physical location. The FOIC concluded that the attorney work product privilege under the rules of discovery did not constitute an exemption to the disclosure requirements of FOIA and that the plaintiff failed to prove that any of the records pertained to strategy and negotiations with respect to pending claims or pending litigation. Consequently, the FOIC concluded that, by failing to provide copies of the requested records, the plaintiff violated General Statutes § 1-210(a). The FOIC ordered the Town to provided such copies and this present appeal followed.
This appeal was timely filed on March 24, 2000. The record was filed on June 2, 2000. Briefs were filed on July 5, 2000 by the Town and on August 11, 2000 by the FOIC. A statement was filed by Mr. Leahy on August 30, 2000. The parties were heard in oral argument on October 16, 2000.
Since the decision of the FOIC requires the plaintiff to provide access to the subject records, the court finds that the Town is aggrieved within the meaning of General Statutes § 4-183. See New EnglandRehabilitation Hospital of Hartford, Inc. v. CHHC, 226 Conn. 105, 120
CT Page 14841 (1993).
In the present appeal, the Town claims that the arbitration hearing records are not public records as defined by General Statutes § 1-200
(5). The Town also claims that FOIC unreasonably and impermissibly limited and narrowed the scope of General Statutes § 1-213(1) by interpreting that statute to compel the disclosure of documents which would limit the Town's litigation rights in the arbitration proceeding and determining that the attorney work product rule did not provide a basis for withholding documents under FOIA where these documents were being used in an ongoing legal dispute. The Town also asserts that the documents were exempt from disclosure since the records were never in the Town's possession.
The court reviews the issues in accordance with the limited scope of judicial review afforded by the UAPA. Dolgner v. Alander, 237 Conn. 272,280 (1996). The scope of permissible review is governed by General Statutes § 4-183(j) of the UAPA and is very restricted. Cos CobVolunteer Fire Co. No. 1., Inc. v. FOIC, 212 Conn. 100, 104 (1989); NewHaven v. Freedom of Information Commission, 205 Conn. 767, 774 (1988). The court may not retry the case or substitute its judgment for that of the agency. C. H. Enterprises, Inc. v. Commissioner of Motor Vehicles,176 Conn. 11, 12 (1973). "The conclusion reached by [an administrative agency] must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the [agency], [the court] cannot disturb the conclusion reached by [the agency]. Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles,165 Conn. 42, 49, 327 A.2d 588 (1983). See Paul Bailey's, Inc. v.Kozlowski, 167 Conn. 493, 496-97, 356 A.2d 114 [(1975)]." (Citations omitted; internal quotation marks omitted.) Lawrence v. Kozlowski,171 Conn. 705, 708 (1976), cert denied, 431 U.S. 969 (1977). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . ." (Citations omitted.)Dolgner v. Alander, supra, 237 Conn. 280-81.
"The interpretation of statutes presents a question of law. . . . Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation marks omitted.) Connecticut Humane Society v. Freedom ofInformation Commission, 218 Conn. 757, 761-62 (1991); Domestic ViolenceServices of Greater New Haven, Inc. v. FOIC, 47 Conn. App. 466, 470-71
CT Page 14842 (1998).
The Town claims that the arbitration hearing transcripts sought by Mr. Leahy are not "public records" within the meaning of § 1-200(5) and, thus, not subject to the disclosure provisions of General Statutes §1-210(a). The Town does not assert that the transcripts are not public records per se. Rather, the Town claims that because, in this case, the records were delivered directly to the Town's attorneys after preparation by the stenographer and not to the Town directly, they are not public records. The transcripts were prepared by a private stenographic service and were not physically received or actually kept in the actual physical confines of the Town. This argument is unavailing. Statutory definitions of terms such as "meetings" and "records" under FOIA must be used to limit, rather than to expound, the opportunities for public agencies to conduct their business in private. Glastonbury Education Assn. v. FOIC,234 Conn. 704, 712-13 (1995). A restrictive reading of the term "public records" as defined by statute would simply allow municipalities to circumvent their statutory obligations relating to disclosure of "public records" by simply delivering the records to their attorney. This cannot be countenanced.
The claim that the disclosure of the records is prohibited by the rules of the American Arbitration Association is also unavailing. The statutory requirements under FOIA clearly supercedes any non-binding private agreement that the Town may have with the AAA panel. By its express terms, General Statutes § 1-210(a) requires the disclosure of public records "[e]xcept as otherwise provided by any federal law or state statute." No exception is made for private agreements.
The transcripts were the property of the Town and were received and used by the Town's attorney as the Town's agent. The transcripts were then returned to the Town as the conclusion of arbitration. The Town argues that this use is somewhat akin to State Library v. Freedom ofInformation Commission, 50 Conn. App. 491 (1999), wherein the Appellate Court found that the FOIC's decision violated the contract clause of the federal Constitution because its action affected a previously existing contract. No contract clause issue is raised in this appeal because FOIA supercedes any agreement of the parties.
The next argument advanced by the Town is that disclosure of the documents originally in the its possession and transferred to the Town's attorney's office "would disclose to a viewer some or much of the Town's strategy with respect to the arbitration" within the meaning of General Statutes § 1-210(b)(4), as they have been "organized, cataloged, notated, etc., for use in the arbitration." (Appellant's Brief, p. 9.) CT Page 14843
There are three flaws to this argument. First, while it is true that the documents were organized and catalogued, the evidence in the record indicates that such organizing was performed by Town employees before the documents were delivered, not by the attorneys. Since there is no evidence in the record that the organization was done by the attorneys or at their direction, and since no evidence of the nature of the organization was offered by the plaintiff, the FOIC was not obliged to infer that the attorneys' strategy would be revealed.
Second, since the Town did not produce any of the documents, or the nature of the cataloguing, or the asserted "notations," available to the FOIC for in camera inspection, or provide any other evidence beyond the broad assertions of its counsel, the FOIC correctly concluded that the Town failed to meet its burden of proof that either the documents or their organization would reveal strategy with respect to pending claims or litigation.
 The burden of establishing the applicability of an exemption clearly rests upon the party claiming the exception. See Hartford v. Freedom of Information Commission, 201 Conn. 421, 431 (1986); Maher v. Freedom of Information Commission, 192 Conn. 310, 315
(1984); Board of Police Commissioners v. Freedom of Information Commission, 192 Conn. 183, 188 (1984); Wilson v. Freedom of Information Commission, 181 Conn. 324, 329 (1980); see also State v. Januszewski, 182 Conn. 142, 170-71 (1980), cert denied, 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1005
(1981).
This case is distinguishable from Stamford v. Freedom of InformationCommission, 241 Conn. 310 (1997), where our Supreme Court found that aninvestigative report was exempt from disclosure. In Stamford, the record sought was an actual investigative report, and the only question was whether there was substantial evidence in the record to support the plaintiff's claim that the investigative report itself pertained to strategy with respect to pending claims and litigation.
In the instant case, no investigative report was being sought. There were simply no records before the FOIC, including the complaint, that establish either the contents or existence of the "marks" and "notations" on the Town's records, or that the mere organization of the project files revealed strategic information.
Finally, aside from the claimed "notations" and "cataloguing," the Town records that were public before the start of arbitration or litigation do CT Page 14844 not become confidential simply because the agency is later engaged in a dispute. Chief of Police. Hartford Police Department. v. FOIC,252 Conn. 377 (2000) (holding that FOIA, not rules of discovery, govern whether records of an agency in litigation are subject to disclosure by the FOIC.) Indeed, our Supreme Court, in Chief of Police, made clear that even a member of the public, who was an adversary of the agency, would not lose his rights to public records under FOIA and could obtain records through FOIA that might not be available through discovery. Id., 397.
In the present case, the FOIC's factual findings and determinations are fully supported by substantial evidence in the record and by existing case law. Accordingly, the plaintiff's appeal is hereby dismissed.
OWENS, J.