[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14643
This matter involves the denial of an application by the plaintiff for permission to conduct a regulated activity within an inland wetland or watercourse area in the City of Ansonia filed on May 18, 2000 (Rec. No, 2). It was agreed by counsel during argument that the plaintiff is an aggrieved party with standing to prosecute the appeal.
A number of meetings of the Inland Wetlands Commission and public hearings followed the filing of the application (Rec. No's. 8, 12, 16, 24, 29, 35, 36, 48, 51 and 57) concluding with a denial of the application on December 7, 2000 (Rec. No. 58). This was not the first exposure to this parcel of land owned by the plaintiffs as prior applications had been filed, acted upon or withdrawn on two prior occasions. As noted by counsel for the applicant Dominick Thomas at the first hearing on the present application, the commission was obviously familiar with the sloping topography of the site and through the previous applications. Following the first application which was denied, the plaintiff pursued an appeal to the Superior Court which was dismissed on January 5, 2000, Sequino, J. The applicants filed another application for consideration by the commission which application was later amended and revised and finally the present application came before the commission again resulting in a number of meetings and public hearings.
It is apparent from the record that the commission was intimately familiar with the property in question. It was the claim of the plaintiff-applicant that no activity was proposed within a wetland or watercourse area located on the property nor was any activity proposed within 50 feet of a wetland area or watercourse. The determination of the commission on December 7, 2000 was a simple denial without explanation. Counsel for the applicant has noted that at the same December 7 meeting the commission voted to adopt a regulation, Sec. 2.1.7, providing that any "regulated activity" carried on within 100 feet of a wetland or watercourse was subject to commission review and regulation. (Rec. No. 58) This of course had no bearing upon this application since the regulation was enacted subsequent to the filing thereof.
The complaint of the applicant sets out a number of allegations not all of which have been addressed in the plaintiff's brief and to the extent that those allegations have not been addressed the court considers them abandoned. Additionally, at oral argument before the court on September 27, 2001, plaintiff's counsel stressed that the basic issue in the case is whether the commission had jurisdiction to regulate any activity outside the delineated wetland which fell within a "buffer" zone. (Transcript, p. 8). The Wetlands Commission of Ansonia had no such CT Page 14644 regulation prior to the enactment of Sec. 2.1.7, although it had informally utilized a "50 foot buffer" for a number of years. It is the plaintiff's position that without such a regulation at the time of the filing of the application the defendant lacks the authority to consider any activity outside the delineated wetland or watercourse (see subdivision map — Hunters Landing. Rec. No. 43). The plaintiff also suggests that the expert presented in support of the application (see Rec. No. 40) concluded that the project had no effect whatsoever on the wetlands previously delineated by the commission. it is the plaintiff's claim that these conclusions being unrebutted by the commission requires the court to sustain the appeal. This is not the law. See Huck v. InlandWetlands and Watercourses Agency of Greenwich, 203 Conn. 525, 533-42.
As to the court's role in considering an appeal from an administrative agency the court is not at liberty to substitute its judgment for that legally vested in the agency. Cos Cob Volunteer Fire Company v.F.O.I.C., 212 Conn. 100. Where the determination of the commission does not include the reasons for its action the court is obliged to search the record to determine whether the decision is reasonably supported by the record. Morningside Assn. v. Planning and Zoning Board, 162 Conn. 154,156. The weight of the evidence as well as matters of credibility are within the province of the agency. Leib v. Board of Examiners forNursing, 177 Conn. 78, 86.
The court also notes the claims of the plaintiff that the chairman of the commission was patently biased against the applicant.
As to this claim there is a presumption that adjudicators are presumed to be unbiased and the burden to overcome this presumption rests upon the applicant who must show that the impermissible interest asserted was realistic and more than remote. Petrowski v. Norwich Free Academy,199 Conn. 231, 236. Judicial standards of impartiality are not applicable to the administrative decision-making process, see Petrowski at p. 236-238. Here the record indicates that the chairman did not vote on the application but rather abstained. (Rec. No. 57, p. 29) He may well have had strong opinions as to the proposal but expressing them as a member of the commission is probably his obligation.
The plaintiff also claims that in denying its application the commission had a duty under the applicable statutes to recommend alternatives to the plaintiff which would comply with the requirements and so permit construction to proceed. But the statute Sec. 22a-41(b)(2) which provides that the commission note feasible and prudent alternatives does not shift the burden from the applicant to prove that he is entitled to the permit or to present alternatives to the proposed regulated activity. CT Page 14645
The main thrust of this appeal according to plaintiff's counsel is the authority of the commission to regulate activities outside the buffer zone which the plaintiff claims was never established by the regulation and which the commission claims was understood to be 50 feet but which it now claims to be anywhere so long as it is reasonably found to have an effect upon the delineated area. If it is found that activities on unregulated land would significantly affect wetlands the commission can exercise jurisdiction outside its boundaries. An agency may assert jurisdiction over land use distant (underlining mine) from its jurisdictional boundaries. Mario v. Fairfield, 217 Conn. 164. See alsoQueach Corp. v. Inland Wetlands Commission, 258 Conn. 178, 197. The record reflects that this parcel of land is sloping throughout and in spots shows a high water table. (Rec. No. 57)
Since the decision of the commission simply denied the application without explanation, the record must be examined to determine whether it reasonably supports the decision. As indicated earlier, the commission has had exposure to the property in question over the past several years commencing with the applicants first request for a permit. The record reflects numerous meetings of the commission as well as public hearings at which the application was discussed. Item 21 of the Record is a petition signed by a number of residents in the neighborhood expressing their concerns as to run-off resulting from construction of home sites on terrain which is steep.
Also, Conservation the Commission of Ansonia filed its objections to the application by letter of its chairman on August 23 and October 4, 2000. (Rec. No's. 22 and 32). The minutes of the various meetings of the commission all contain lengthy discussions of the evidence presented to the commission and potential effect upon the wetlands should the application be granted as submitted.
The court concludes that substantial evidence in the record supports the conclusion reached by the commission on December 7, 2000.
Accordingly, the appeal is dismissed.
George W. Ripley II Judge Trial Referee