## LIBA H. FURHMAN ET AL. *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
### (SC 15694)

Callahan, C. J., and Borden, Berdon, McDonald and Peters, Js.

Argued September 26—officially released December 23, 1997

*Victor R. Perpetua,* appellate attorney, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellant (named defendant).

*Daniel E. Casagrande,* for the appellees (plaintiffs).

*Marilyn J. Lipton, Cynthia C. Anger* and *Tricia J. Johnson,* law student intern, filed a brief for the Connecticut Association of Municipal Attorneys, Inc., as amicus curiae.

428

*Mary-Michelle U. Hirschoff* filed a brief for the Connecticut Conference of Municipalities as amicus curiae.

*Opinion*

MCDONALD, J. This appeal concerns a ruling of the freedom of information commission (commission) that portions of a meeting of the New Milford mayor and town council (collectively, town), to discuss the town's response to a landfill permit application pending before the state department of environmental protection (department), should have been held in open session.

The town filed an administrative appeal in the Superior Court, and that court reversed in part the commission's decision on the grounds that the commission had misinterpreted and misapplied General Statutes § 1-18a (e) (2) and (h) (3).[1] The commission[2] appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The underlying facts of this case are undisputed. On June 1, 1995, the New Milford town council convened in executive session, thereby excluding the public, in order to discuss a special waste disposal application filed by Waste Management of Connecticut, Inc. (Waste Management), with the department. Waste Management sought a permit to dump 150,000 tons of dredged waste

---

[1] General Statutes § 1-18a (e) provides in relevant part: " 'Executive sessions' means a meeting of a public agency at which the public is excluded for one or more of the following purposes . . . (2) strategy and negotiations with respect to pending claims or pending litigation to which the public agency or a member thereof, because of his conduct as a member of such agency, is a party until such litigation or claim has been finally adjudicated or otherwise settled . . . ."

General Statutes § 1-18a (h) provides in relevant part: " 'Pending litigation' means . . . (3) the agency's consideration of action to enforce or implement legal relief or a legal right."

[2] The commission complainant, Jay Lewin, also joined in the appeal.

sediments from the port authority of New York and New Jersey in the New Milford landfill.

During the executive session, town officials discussed with counsel various options by which the town might oppose the permit application. These discussions included the feasibility of a declaratory judgment action and whether a lawsuit could be filed immediately against the department. The town also discussed the contents of its environmental consultants' reports, the hiring of a "lobbyist" who would help in any administrative proceedings before the department, the amount of money to be spent on attorneys and consultants, and the frequency of updates from attorneys and consultants.

Thereafter, Jay Lewin filed a complaint against the town before the commission claiming that the public should not have been excluded from the town's discussion of certain matters. After a hearing, the commission held that the town properly discussed in executive session the feasibility of a declaratory judgment action and whether a lawsuit should be filed against the department. The commission found, however, that the town violated General Statutes § 1-21 (a)[3] when it excluded the public from its discussion of: (1) the amount of money to be spent on consultants and attorneys; (2) the hiring of a lobbyist; (3) the contents of some prior consultants' reports; and (4) the frequency of updates from attorneys and consultants. The town appealed to the Superior Court, which reversed the commission's decision as to the first three matters of discussion.[4] The commission appealed from the judgment of the trial

---

[3] General Statutes § 1-21 (a) provides in relevant part: "The meetings of all public agencies, except executive sessions as defined in subsection (e) of section 1-18a, shall be open to the public. . . ."

[4] The trial court upheld the commission's decision that the discussion of the frequency of updates from attorneys and consultants should have been in public because it was not related to the process of choosing a plan of action. This issue is not contested.

court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

General Statutes § 1-21i (d) provides that appeals from the decisions of the commission are taken pursuant to the Uniform Administrative Procedure Act (UAPA). General Statutes §§ 4-166 through 4-189. Under the UAPA, a trial court may reverse the decision of an administrative agency if that decision evinces an "error of law." General Statutes § 4-183 (j) (4).

At issue before us is the meaning and application of § 1-18a (e) (2) and (h) (3), which, when read with § 1-21 (a), exempt from public disclosure "strategy and negotiations with respect to . . . pending litigation." General Statutes § 1-18a (e) (2).

Pursuant to § 1-21 (a) of the Freedom of Information Act; General Statutes § 1-7 et seq.; meetings of public agencies shall be open to the public, except for executive sessions. "Executive session" is defined, in relevant part, as "a meeting of a public agency at which the public is excluded for one or more of the following purposes . . . (2) strategy and negotiations with respect to pending claims or pending litigation to which the public agency or a member thereof, because of his conduct as a member of such agency, is a party until such litigation or claim has been finally adjudicated or otherwise settled . . . ." General Statutes § 1-18a (e). "Pending litigation" is defined, in relevant part, as "the agency's consideration of action to enforce or implement legal relief or a legal right." General Statutes § 1-18a (h) (3).

The commission first argues that the interpretations of "strategy" and "pending litigation" are questions of fact, regarding which a reviewing court must defer to the administrative agency's judgment unless it is arbitrary or irrational. We do not agree.

This court is required to defer to the subordinate facts found by the commission, if there is substantial evidence to support those findings. *Dufraine* v. *Commission on Human Rights & Opportunities*, 236 Conn. 250, 259, 673 A.2d 101 (1996); *Newtown* v. *Keeney*, 234 Conn. 312, 319–20, 661 A.2d 589 (1995). Here, however, the subordinate facts about the contents and circumstances of the town's executive session are not in dispute. Rather, it is the meaning of the statute that is disputed. The determination of the meaning of a statute presents a question of law, which is within the province of the trial court and of this court. *Board of Education* v. *Freedom of Information Commission*, 217 Conn. 153, 158, 585 A.2d 82 (1991); *New Haven* v. *Freedom of Information Commission*, 205 Conn. 767, 773–74, 535 A.2d 1297 (1988). Such a review is plenary. See *Davis* v. *Norwich*, 232 Conn. 311, 317, 654 A.2d 1221 (1995).

We are therefore required to determine the meaning of the words "strategy" and "pending litigation" as used in the Freedom of Information Act. We then determine if the orders of the commission resulted from a correct application of the law to the topics discussed in executive session. See *New Haven* v. *Freedom of Information Commission*, supra, 205 Conn. 774.[5]

---

[5] The commission also argues that defining these terms is best left to the proper administrative agency and cites *Cos Cob Volunteer Fire Co. No. 1, Inc.* v. *Freedom of Information Commission*, 212 Conn. 100, 106, 561 A.2d 429 (1989). "When the legislature uses a broad term . . . in an administrative context, without attempting to define that term, it evinces a legislative judgment that the agency should define the parameters of that term on a case-by-case basis." Id. This court, however, in *Board of Education* v. *Freedom of Information Commission*, supra, 217 Conn. 161–62, did undertake to define the plain meaning of the terms "pending claims and litigation" while citing *Cos Cob Volunteer Fire Co. No. 1, Inc.,* for the proposition that defining the precise elaboration of the terms' further parameters would be a task "properly left with the administrative agency, on a case-by-case basis." Our precedents are clear that this court, in the first instance, determines the meaning of statutes on the basis of legislative intent. The administrative agency then applies the statutes after that interpretation to the facts of each

In determining statutory meaning, we must ascertain and give effect to the intent of the legislature. *State* v. *Spears*, 234 Conn. 78, 86, 662 A.2d 80, cert. denied, 516 U.S. 1009, 116 S. Ct. 565, 133 L. Ed. 2d 490 (1995). In doing so, "we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *State* v. *Burns*, 236 Conn. 18, 22–23, 670 A.2d 851 (1996).

We recognize that the basic policy of the Freedom of Information Act supports limiting the exceptions to open meetings. This court has said that it will construe the act to favor disclosure and that "exceptions to disclosure must be narrowly construed." (Internal quotation marks omitted.) *Glastonbury Education Assn.* v. *Freedom of Information Commission*, 234 Conn. 704, 712, 663 A.2d 349 (1995). The burden of establishing the applicability of an exception rests upon the party claiming it. *New Haven* v. *Freedom of Information Commission*, supra, 205 Conn. 775. We have not, however, hesitated to apply an exception where the party seeking it has met the burden of establishing that it applies. *Glastonbury Education Assn.* v. *Freedom of Information Commission*, supra, 727.

We agree with the trial court that the the town's discussion in executive session of the hiring of the lobbyist, the consultants' reports and the costs related to possible legal action concerning the Waste Management permit application was within the statutory exception with respect to "pending litigation." "Pending litigation" refers to an agency's consideration of "action

case. This court need not, we have held, defer to an incorrect decision of law by an agency. *Board of Education* v. *Freedom of Information Commission*, supra, 159.

to enforce or implement legal relief or a legal right." General Statutes § 1-18a (h) (3). Here, the town considered in executive session appropriate courses of conduct to pursue enforcement of a legal right to oppose and defeat the Waste Management permit application. It is undisputed that the town considered legal relief and its legal rights. The commission did approve discussion during the executive session of a declaratory judgment action and a lawsuit against the department.

Other matters addressed in executive session were also related directly, often as alternatives, to the pursuit of that legal relief and legal right. The cost of additional consultants and attorneys was a factor to be considered with respect to any action to enforce a legal right. The hiring of attorneys and consultants was considered as a means to contest the permit application. The hiring of a lobbyist for the purpose of persuading the department to oppose the permit was an action to enforce or implement such legal relief or a legal right. The payment of attorneys and consultants regarding the application concerned "action" to enforce or implement legal relief or a legal right. Discussion of the relevant costs of those attorneys and consultants is therefore "consideration" of "action" within the statutory exemption. The consideration of the environmental consultants' reports was also within the statutory exception to public disclosure. Those reports, concerning the sediment's effect on the environment, would influence the town's choice of an appropriate course of action.

The commission argues that "action" in the definition of "pending litigation" should mean "legal action." We disagree. The definition of "pending litigation" in § 1-18a (h) has three subdivisions. Subdivisions (1) and (2) refer to litigation in terms of legal action. Subdivision (3), however, refers to "consideration of action to enforce or implement legal relief or a legal right." Absent from that subdivision are the terms "legal

action" and "an action." Words of a statute "shall be construed according to the commonly approved usage of the language . . . ." General Statutes § 1-1 (a). Such a reading of the statute yields the interpretation that any action, not restricted to legal action, to implement legal relief or enforce a legal right concerns "pending litigation" under the exception.[6]

We also agree with the trial court that the executive session was held for the purpose of discussing "strategy" with respect to pending litigation. This court has previously defined "strategy" as it is used elsewhere in the Freedom of Information Act to mean "the art of devising or employing plans or stratagems . . . ." Webster's Third New International Dictionary. *Stamford* v. *Freedom of Information Commission*, 241 Conn. 310, 318, 696 A.2d 321 (1997) (defined for purposes of General Statutes § 1-19). The commission argues that strategy should mean "legal strategy." The term "legal strategy" does not appear in the statute. Nothing in the statute, our cases or the legislative history supports this restrictive definition.

We hold that the town properly met in executive session to discuss strategy concerning pending litigation. All of the contested matters under discussion related to the town's plan and strategy by which it could defeat Waste Management's permit application to dump sludge in New Milford.

The judgment is affirmed.

In this opinion the other justices concurred.

---

[6] In *Board of Education* v. *Freedom of Information Commission*, supra, 217 Conn. 153, before § 1-18a (h) had been enacted, this court declined to construe " 'pending claims and litigation' to encompass only those claims presently in litigation or pending before some other adjudicatory body." Id., 160.