[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, William E. Wildin, appeals from the decision of the Freedom of Information Commission (FOIC) finding that the plaintiff was not entitled to certain records he requested from the town of New Milford. The FOIC determined that his request would require the town to conduct research, which it is not obligated to do under the Freedom of Information Act (FOIA). The FOIC acted pursuant to General Statutes § 1-21i(b). The plaintiff appeals pursuant to General Statutes §§ 1-21i(d) and4-183.
The record reflects the following facts. By letter dated September 23, 1996, the plaintiff requested documents from the mayor of New Milford, Arthur Peitler. Specifically, the plaintiff requested:
 1. All correspondence/communications to or from the Mayor (and the Mayor's office including staff and Town Council) to or from the Town Attorney (including the Town Attorney's legal firm), from January 1, 1996 to the present. CT Page 6994
 2. All legal opinions received from the Town Attorney and/or his legal firm from January 1, 1996 to the present.
 3. All invoices (and documentation, if any) received from the Town Attorney and his legal firm from January 1, 1996 to the present.
(Return of Record (ROR), Item 10.) By letter dated September 30, 1996, the town attorney offered the plaintiff the opportunity to inspect the records described in paragraph 3, above, and requested that the plaintiff narrow his request with respect to the records described in paragraphs 1 and 2. (ROR, Item 12.) By letter dated October 2, 1996, and filed October 4, 1996, the plaintiff filed an appeal with the FOIC alleging that Peitler, his administrative aide and the town attorney had violated the Freedom of Information Act by failing to allow the plaintiff to inspect certain records requested on September 23, 1996. (ROR, Item 1.) On October 3, 1996, the town furnished the plaintiff with copies of the records described in paragraph 2, above. (ROR, Item 14, Item 17, final decision, pp. 1-2.)
A hearing was held before a hearing officer on March 5, 1997, regarding the records requested in paragraph 1 of the plaintiffs September 23, 1996 request. (ROR, Item 15, transcript.) On May 17, 1997, the hearing officer issued his proposed final decision. The hearing officer concluded that the mayor's administrative aide, Patrick McGuire, had spent approximately one and one half to two hours per work day from May 1996 to November 1996 coordinating the response to approximately seventy-four individual record requests of the plaintiff. (ROR, Item 16, proposed final decision, para. 7.) He found that the records described in paragraph 1 of the plaintiffs request would be located in at least fifty, and perhaps over a hundred, different files organized on a subject matter basis in the town offices. (ROR, Item 16, para 8.) The hearing officer concluded that the records request was a request requiring research, to which there is no right under the FOIC; therefore, the town officials had not violated the FOIC. (ROR, Item 16, paras. 9, 10.) After oral argument before the FOIC on June 4, 1997, the FOIC adopted the proposed final decision, and issued it as the final decision on June 16, 1997. (ROR, Item 17.) The plaintiff filed a timely appeal on July 22, 1997.
On appeal, the plaintiff's main argument is that the FOIC CT Page 6995 erred in determining that the plaintiff's request for all communications or correspondence between the mayor's office and the town attorney from January 1, 1996, to the present, required research. The plaintiff argues that the FOIC improperly considered cost as a factor in concluding that the request required research. The plaintiff asserts that search or retrieval was required to produce the requested documents, not research. The plaintiff claims that the FOIC's determination that such a request requires research is an impermissible broadening of the definition of research, and the FOIC has arbitrarily applied that broader definition in this case.
As a preliminary matter, the defendant town has asserted that the plaintiff is not aggrieved, and therefore lacks standing to appeal the FOIC's decision. In appeals pursuant to the FOIA, the test for aggrievement requires a twofold determination. "This test requires a showing of: (1) a specific personal and legal interest in the subject matter of the [commission's] decision; and (2) a special and injurious effect on this specific interest." (Citations omitted; internal quotation marks omitted.)State Library v. Freedom of Information Commission,240 Conn. 824, 834 (1997). In this case, the plaintiff requested documents and was denied the right to inspect them by the town. The FOIC's dismissal of his appeal confirms the denial of his request for documents that he has a good faith belief he is entitled to inspect pursuant to the FOIC. There is no requirement under the FOIC that the plaintiff give a "good reason" for his interest in the requested documents in order to appeal to the FOIC. The plaintiff is aggrieved in that the FOIC dismissed his appeal, denying him access to the information he seeks, regardless of his reasons for seeking it.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations omitted; internal quotation marks omitted.) Dolgner v. Alander, 237 Conn. 272, 280 (1996). This court "must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. Ottochian v. Freedom ofInformation Commission, [221 Conn. 393, 397 (1992)]. Even as to CT Page 6996 questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Condusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . New Havenv. Freedom of Information Commission, 205 Conn. 767, 774,535 A.2d 1297 (1988)." (Internal quotation marks omitted.) Perkins v.Freedom of Information Commission, 228 Conn. 158, 164-65 (1993).
Notwithstanding the language of Perkins, however, the Supreme Court has recently stated that the deferential standard does not apply to a court's review of an "agency's construction of a statute, which is a pure question of law, particularly when the question has not been subjected to prior judicial review."Connecticut Light Power Co. v. Texas-Ohio Power, Inc.,243 Conn. 635, 644 (1998).
The sole basis for the FOIC's dismissal of the plaintiff's complaint was that his records request "was a request requiring research, to which there is no right under the Freedom of Information Act." (ROR, Item 17, Final Decision, p. 2.) The only authority provided to the court on this issue is a Superior Court decision and several Commission rulings. Neither our Supreme nor Appellate Court has reviewed and interpreted the FOIA, specifically General Statutes § 1-19, to address this issue. Accordingly, the FOIC's determination that the FOIC does not require an agency to perform research to produce public records is not entitled to deference. Fuhrman v. Freedom of InformationCommission, 243 Conn. 427, 431 (1997). However, none of the parties challenges this interpretation of the statute, and accordingly, the court does not address it here.
The record reflects that the defendant town had spent significant hours providing voluminous records to the plaintiff, and that the requested records here would be found in at least fifty, if not one hundred, different files. Nevertheless, based upon the sparse authority on this issue and the court's understanding of the term "research," this evidence does not support a conclusion that the request requires research.
The FOIC argues that the documents are not properly identified so that their production would require research. It cites Book v. FOIC, Superior Court, judicial district of CT Page 6997 Hartford/New Britain at Hartford, Docket Nos. CV97 0567176 and CV97 0566436 (January 28, 1998, McWeeny, J.), where the court found that a request for documents was not authorized under the FOIA.
 Section 1-19 of the FOIA mandates access to public records, and General Statutes § 1-15 provides for the public's right to copies of public records. There is nothing in either provision or any other section of the FOIA that requires an agency to conduct research for alleged documents not properly identified.
 The plaintiff failed in both cases to specifically identify the records he was allegedly seeking.
Id., pp. 6-7.
In Book, the plaintiff requested, for example, "documentation which evidences a conflict of interest regarding [the bank's] role as a member. . . ." Here, the plaintiff requested all correspondence or communications between the mayor's office and the town attorney from January 6, 1996, to the date of the request. The difference between the two requests makes the Book decision inapplicable here. Here the plaintiff has specifically identified the records he seeks. While there is certainly analysis required in searching for the Book documents, there is none required to produce the documents here.
The defendant town referred to several FOIC decisions[1]
that disallowed requests on the basis that they required research. In all of those decisions, the requests required the agency to scrutinize the contents of each document to determine if it met the criteria of the plaintiff's request rather than simply gathering a large number of identifiable documents from many different files. The documents in this case are properly and specifically identified and do not require the town to exercise discretion as to whether they fall within the plaintiffs request. "Research" is not defined by the FOIC in its decision here nor in any other rulings brought to the court's attention. In Webster's Third International Dictionary, research is defined as "careful or diligent search; a close searching, studious inquiry or examination." American Heritage College Dictionary (3rd Ed.) defines research as "scholarly or scientific investigation or inquiry; close careful study." Hence, while the FOIC has provided no definition, their rulings and the dictionaries support a definition of research that encompasses more than time consuming or costly retrieval. CT Page 6998
The defendants argue that because the requested documents are contained in so many files, the request requires research. While the court recognizes from the evidence in the record the burden this search imposes upon the defendant town, the FOIC did not disallow the request on the ground that it was unreasonably burdensome.[2] Cf. AFGE Local 2782 v. U.S. Dept. of Commerce,907 F.2d 203, 209 (DC Cir. 1991). Instead, it characterized this request as one requiring research and dismissed the complaint on that basis[3]. As noted above, the record does not support this conclusion. See Property Group, Inc. v. Planning ZoningCommission, 226 Conn. 684, 697-98 (1993).
The defendants also argue that reviewing the documents to determine if they are exempt from disclosure constitutes research. (Suppl. ROR, June 4, 1997, transcript, p. 8.) That position is not supported by the law. Perkins v. Freedom ofInformation Commission, supra, 228 Conn. 167 (burden of establishing exemption upon agency); Glastonbury Education Assn.v. Freedom of Information Commission, 234 Conn. 704, 714 (1995). ("Although the legislature's narrowly tailored approach to the FOIA exclusions and exemptions may add a layer of complexity to agency administration, the legislature implicitly has decided that the associated costs are outweighed by the benefits derived from open government.") Any request for public records would require the agency to review those documents to determine if they fall within an exemption from disclosure.
Accordingly, the appeal is sustained.
DiPentima, J.