[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Laura Timmons, seeks uninsured motorist benefits from the defendant, American States Insurance Co., as a resident relative under a policy issued to her parents and a policy issued to her brother. The defendant moves for summary judgment on the grounds that the plaintiff's claim is barred by General Statutes § 38a 336(d), which limits recovery of uninsured and underinsured motorist benefits, and by the provisions of the insurance policies. The plaintiff opposes the defendant's motion on the ground that her claim is not barred by the language of the insurance policies. The plaintiff does not address whether her claim is barred by General Statutes §38a-336 (d).
The parties do not dispute that the plaintiff was operating an automobile that she owned at the time of the accident from which this claim arises, and that the plaintiff was insured for $20,000 uninsured and underinsured motorist coverage by Atlanta Casualty Insurance Company.
In relevant part, General Statutes § 38a-336(d) provides, "[i]f any person insured for uninsured and underinsured motorist coverage is an occupant of an owned vehicle, the uninsured and underinsured motorist coverage afforded by the policy covering the vehicle occupied at the time of the accident shall be the only uninsured and underinsured motorist coverage available."
"The interpretation of legislation presents a question of law." Pascale v. Board of Zoning Appeals, 150 Conn. 113, 116,186 A.2d 377 (1962); see also Southington v. State Board of laborRelations, 210 Conn. 549, 559, 556 A.2d 166 (1989). "In the construction of. . . statutes, words and phrases shall be construed according to the commonly approved usage of the language . . ." General Statutes § 1-1 (a); see also StateBoard of Labor Relations v. Freedom of Information Commission,244 Conn. 487, 497, ___ A.2d ___ (1998); Furhman v. Freedom ofCT Page 7762Information Commission, 243 Conn. 427, 434, 703 A.2d 624 (1997);Connecticut National Bank v. Giacomi, 242 Conn. 17, 33,699 A.2d 101 (1997). "When the language of the statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." O G Industries, Inc. v. New Milford, 229 Conn. 303,306, 640 A.2d 110 (1994).
In the present case, there is no dispute that the plaintiff operated her own vehicle during the accident and that the plaintiff was herself insured for uninsured and underinsured coverage in the amount of $20,000. Accordingly, under the clear provisions of section 38a-336 (d) the plaintiff is limited to the amount of her own uninsured and underinsured coverage.[1]
Accordingly, the defendant's motion for summary judgment is granted. This court need not address whether the language of the insurance policies bar the plaintiff's claim.
Martin, J.