[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14383
The plaintiff, State of Connecticut Department of Transportation ("DOT"), appeals the decision of the defendant, freedom of information commission (FOIC), which ordered the DOT to release certain of its records to the defendant, Laura Amon. The DOT brings this appeal pursuant to General Statutes §§ 1-21i(d)[1] and 4-183, the Uniform Administrative Procedure Act ("UAPA"). The court finds the issues in favor of the defendants.
The following procedural background is undisputed. Amon, an employee of the DOT, had made oral complaints to the DOT's affirmative action office regarding the conditions in her workplace.[2] During the course of an internal investigation, the DOT's affirmative action personnel interviewed various DOT employees regarding Amon's allegations. Several employees gave comments under requests of confidentiality.
By letter dated April 4, 1997, Amon made a request with the DOT affirmative action program manager, Aaliyah Mahasin-Blade, to review and copy her affirmative action folder, containing the confidential comments. Shortly thereafter, Mahasin-Blade notified Amon that her request was denied on the ground that any comments or statements obtained during the course of investigation were "deemed confidential and never divulged." (Return of Record (ROR), Item 1, p. 3.)
Amon appealed to the FOIC, alleging that the DOT's refusal to disclose the requested documents violated the Freedom of Information Act ("FOIA"). On September 17, 1997, a contested hearing was held before Commissioner Sherman London, who was designated as the hearing officer for the case. The DOT claimed that: (1) some of the requested materials contained in Amon's affirmative action file were protected from disclosure pursuant to General Statutes 1-19(b)(2)[3]; and (2) all of the documents that comprised Amon's affirmative action file were exempt from disclosure in accordance with General Statutes § 1-19(b)(10)[4]. The documents in question were submitted to the hearing officer for in camera review.
On November 5, 1997, the hearing officer issued a proposed decision partially granting Amon's request. That decision was made final by the FOIC on December 3, 1997. Specifically, the CT Page 14384 FOIC determined that General Statutes § 1-19(b)(2) precluded disclosure of two of the requested documents, identified as document numbers 1997-142-10 and 1997-142-11, because disclosure of these documents would constitute an invasion of personal privacy.
With respect to the remaining documents, the FOIC found that the exemptions claimed by the DOT, namely General Statutes §§ 1-19(b)(10) and 46a-68, and § 46a-68-46 of the Regulations of Connecticut State Agencies, do not preclude disclosure of the subject records. As to this issue, the FOIC made the following conclusions of law:
 8. With respect to the remaining records, the respondent contends that they are exempt from disclosure by virtue of §§ 1-19(b)(10), and 46a-68, G.S.
9. Section 1-19(a), G.S., provides in relevant part:
 Except as otherwise provided by any federal law or state statute, all records maintained . . . by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office . . . hours or to receive a copy of such records . . . Any agency rule or regulation, or part thereof, that conflicts with the provisions of this subsection or diminishes or curtails in any way the rights granted by this subsection shall be void . . .
 10. Section 1-19(b)(10), G.S., provides that an agency need not disclose "records, tax returns, reports and statements exempted by federal law or state statutes . . ."
11. Section 46a-68, G.S., requires state agencies to develop affirmative action plans in cooperation with the Connecticut Commission on Human Rights and Opportunities (CHRO). Section 46a-68(g), G.S., further provides that the CHRO shall adopt regulations to carry out the affirmative action requirements of § 46a-68, G.S. In accordance with § 46a-68, G.S., CHRO adopted Regulations of Conn. State Agencies § 46a-68-46, CT Page 14385 requiring state agencies to establish an internal complaint system, which system shall include "confidential counseling and procedures for informal resolution at the agency level by the affirmative action officer" and shall also require that all records of grievances and dispositions thereof shall be confidential except where disclosure is required by law.
 12. It is found that the state Department of Transportation established an internal complaint system in accordance with the regulation described in paragraph 11, above.
 13. It is found, however, that such regulation does not constitute an exemption to disclosure pursuant to § 1-19(b)(10), G.S., since it is not a federal law or state statute. Moreover, it is further found that the regulations cited by the respondent explicitly provide for disclosure of records where disclosure is required by law.
 14. It is further found that § 46a-68, G.S., does not mandate or permit confidentiality of grievance records.
 15. Accordingly, it is concluded that §§ 1-19(b)(10) and 46a-68, G.S., do not preclude disclosure of the subject records.
(Return of Record (ROR), Item 9, Final Decision dated December 3, 1997, pp. 71-72.)
On January 15, 1998, the DOT filed the present administrative appeal challenging that portion of the FOIC order requiring disclosure. Briefs were timely filed and the parties presented oral argument on September 22, 1998.
In any FOIC proceeding, "[t]he burden of establishing the applicability of an exception rests upon the party claiming it . . ." (Citations omitted.) Furham v. Freedom of InformationCommission, 243 Conn. 427, 432 (1997). Added to this burden is the "overarching policy underlying the Freedom of Information Act (FOIA) favoring the disclosure of public records . . . Our construction of the FOIA must be guided by the policy favoring disclosure, and exceptions to disclosure must be narrowly CT Page 14386 construed . . ." (Citations omitted; internal quotation marks omitted.) Superintendent of Police v. Freedom of InformationCommission, 222 Conn. 621, 626 (1992); see also Furham v. Freedomof Information Commission, supra 432.
The UAPA further delineates the standard of review for appeals from decisions of the FOIC. "Judicial review of the conclusions of law reached administratively is . . . limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion . . . Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with is enforcement . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts . . ." (Citations omitted; internal quotation marks omitted.) State Board of Labor Relations v. Freedom ofInformation Commission, 244 Conn. 487, 493 (1998).
In the present administrative appeal, the DOT claims that the FOIC erred in concluding that the materials ordered released to Amon were not exempt from disclosure. According to the DOT, General Statutes § 46a-68, in conjunction with the regulations mandated by that statute, constitutes an exemption under the provisions of General Statutes § 1-19(b)(10), which prohibits the release of records or statements exempted by federal or state law.
As the DOT correctly notes, § 46a-68 of the General Statutes directs the DOT, as a state agency, to develop and implement an affirmative action plan in cooperation with the CHRO. That statute further requires that such plan be developed pursuant to the regulations adopted by the CHRO. In accordance with § 46a-68, the CHRO adopted § 46a-68-46 of the Regulations of Connecticut State Agencies, requiring the DOT to develop and implement an internal complaint system to investigate and eradicate discrimination in the workplace. Specifically, the DOT relies on § 46a-68-46(6)(b) of the Regulations of Connecticut State Agencies, which provides:
All records of grievance and dispositions thereof shall be maintained and reviewed on a regular basis by the CT Page 14387 affirmative action officer to detect any patterns in the nature of the grievances. Records so retained shall be confidential except where disclosure is required by law." (Emphasis added.) Regs., Conn. State Agencies § 46a-68-46(6)(b).
It is the DOT's contention that § 46a-68 and § 46a-68-46(6)(b) of the Regulations of Connecticut State Agencies require confidentiality of Amon's grievance file. This court disagrees.
By its express terms, § 46a-68 of the General Statutes does not mandate or permit confidentiality of the grievance records. Rather, the authority to restrict disclosure of Amon's grievance file stems solely from the regulation relied on by the DOT. That authority to restrict disclosure, however, is not without exception. The plain and unambiguous language of § 46a-68-46(6)(b) explicitly provides for disclosure of records where disclosure is required by law. Accordingly, in enacting § 46a-68-46(6)(b), the CHRO expressly intended that the confidentiality requirement set forth in that regulation would yield in situations where disclosure is required by law. The FOIA is such a law requiring disclosure of public records maintained by an agency. Accordingly, the FOIC did not act illegally or arbitrarily in concluding that § 46a-68 and § 46a-68-46
of the Regulations of Connecticut State Agencies do not preclude disclosure of the subject records.
Lastly, the DOT contends that the confidentiality requirement contained in § 46a-83(g)[5] is applicable to DOT investigations of discrimination. This court finds this argument unpersuasive as it has been rejected by at least one superior court. See Connecticut Alcohol and Drug Abuse Commission v.Freedom of Information Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704063 (March 10, 1994) (Maloney, J.) (11 CONN. L. RPTR. 208, 9 C.S.C.R. 390), reversed on other grounds, 233 Conn. 28 (1995) (stating "[t]here is nothing in either statute, however, that provides explicitly or even suggests that the provisions of the CHRO investigative rules extend to `surrogate' investigations performed by entirely separate state agencies. The link is simply too tenuous, particularly with regard to issues involving the disclosure of public records where, as noted, the law disfavors secrecy.")
Accordingly, based on all of the foregoing, the FOIC decision CT Page 14388 is affirmed and the appeal is dismissed.
Michael Hartmere, J.