[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the defendant Freedom of Information Commission ("FOIC") directing the plaintiffs Patricia Washington, Personnel Director of the City of Hartford and the City of Hartford, to disclose certain documents relating to a promotional examination administered by the City of Hartford to candidates for the rank of lieutenant in that City's fire department. This appeal, brought pursuant to General Statutes §§ 1-21i(d) and 4-183, raises the issue of whether the documents ordered disclosed by the FOIC are examination data used to administer an examination for employment, and therefore, exempt from public disclosure pursuant to General Statutes § 1-19 (b)(6). For reasons which follow, this court reverses the decision of the FOIC.
The underlying facts are not in dispute. By letter dated November 13, 1996, the defendant Charles Peterson requested that the plaintiff Patricia Washington, Personnel Director, City of Hartford, permit him to inspect all test results for the 1993/1994 promotional lieutenant's examination for the City's fire department. After other correspondence, Peterson requested the following records: a.) the oral board panel's scoring sheets containing the individual scores of candidates; b.) the written answers of candidates; and c.) the taped oral interviews conducted with candidates. Having failed to receive the records, Peterson, by letter dated January 11, 1997 and filed on January 17, 1997, complained that the City had violated the Freedom of Information Act ("FOIA") by denying him access to such records. The FOIC combined that complaint with another complaint which also sought disclosure of the tapes, with the agreement of the parties. All of the requested records are public records within the meaning of General Statutes §§ 1-18a(d) and 1-19 (a).
Section 1-19 (a) provides in pertinent part:
Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public CT Page 12009 agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of § 1-15.
At the FOIC hearing the plaintiffs contended that the requested records were exempt from disclosure pursuant to General Statutes § 1-19 (b)(6) which permits non-disclosure of "[t]est questions, scoring keys and other examination data used to administer a licensing examination, examination for employment or academic examinations." The FOIC found that the scoring sheets and written answers of candidates were not test questions, scoring keys or examination data used to administer an examination for employment within the meaning of the statute. The FOIC found that the tapes contained examination questions and candidate responses to those questions. The FOIC further found that the examination questions were exempt from disclosure, however, the candidate responses on the tapes were deemed to be not test questions, scoring keys or examination data used to administer an examination for employment within the meaning of the statute, and therefore, not exempt from disclosure. The FOIC concluded that the Personnel Director had violated § 1-19 (a), by failing to provide the requested records, with the exception of the questions contained on the tapes. It is those findings which form the basis of this administrative appeal.
The issue presented in this appeal is whether the documents in question are exempt from disclosure under the FOIA because they are examination data used to administer an examination for employment within the meaning of the statute.
The court reviews the issues in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act. Dolgner v. Alander, 237 Conn. 272, 280 (1996). The scope of permissible review is governed by § 4-183 (j)[1] and is very restricted. Cos Cob Volunteer Fire Co. No. 1. Inc. v.FOIC, 212 Conn. 100, 104 (1989); New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 774 (1988). The court may not retry the case or substitute its judgment for that of the agency. C H Enterprises. Inc. v. Commissioner of MotorVehicles, 176 Conn. 11, 12 (1978). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. (Citations omitted.) Dolgner v.CT Page 12010Alander, supra, 237 Conn. 280-8 1.
"The interpretation of statutes presents a question of law. . . . Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law . . ." (Citations omitted; internal quotation marks omitted.) Connecticut Humane Society v. Freedom ofInformation Commission, 218 Conn. 757, 76 1-62 (1991); DomesticViolence Services of Greater New Haven, Inc. v. Freedom ofInformation Commission, 47 Conn. App. 466, 470-71 (1998).
In the present case the plaintiffs contend that the oral board's scoring sheets containing the individual scores of the candidates, the written answers of candidates, and the taped oral interviews conducted with candidates are all documents which are exempt from disclosure because they are examination data used to administer an examination for employment. Pursuant to General Statutes § 1-19 (b)(6), "[t]est questions, scoring keys and other examination data used to administer a licensing examination, examination for employment or academic examinations" are exempt from disclosure. The FOIC found that the test questions contained on the tapes of the oral portion of the examination were exempt from disclosure pursuant to § 1-19 (b)(6). However, the FOIC found that the remainder of the requested documents were not exempt from disclosure pursuant to that statute. In support of their argument the plaintiffs rely upon Glastonbury v. Freedom ofInformation Commission, 39 Conn. Sup. 257 (1984). That case also involved the interpretation of § 1-19 (b)(6). There, the FOIC had concluded that § 1-19 (b)(6) "exempts from disclosure only records pertaining to examinations which have not yet been administered." Id., 260. The court (Barry, J.) agreed with the plaintiffs in Glastonbury that the FOIC had made an error in law in its interpretation of General Statutes § 1-19 (b)(6). The information sought tinder the FOIA included "all questions asked of each applicant, their answers to each question as well as any recommendation of the Board of Examiners." Id., 259. WhileGlastonbury is not directly on point, it does provide guidance in that the court concluded that the exemption for test questions and examination data was an "absolute" exemption. See also SocialService Employees Union, Local 371 v. Cunningham, 109 Misc.2d 331,437 N.Y.S.2d 1005 (1981).
The plaintiffs also rely on two decisions of the FOIC decided in the year prior to the instant decision, which the plaintiffs CT Page 12011 claim are contradictory to the instant decision. Stumo v.Hartford Personnel Department, FIC 1195-250, May 22, 1996, involved a request for documents pertaining to promotional examinations in the Hartford Police Department. There, the FOIC ruled "that the examination questions and answers, constitute test questions, scoring keys and other examination data used to administer an examination for employment within the meaning of §1-19 (b)(6) G.S., and are therefore exempt from disclosure." Id., paragraph 12. Velez v. City Manager, City of New London, FTC 111996-023, October 16, 1996, involved an FOLA request for access to an answer sheet the complainant completed in a promotional examination administered by the law enforcement council. The FOIC concluded that "the records at issue constitute examination data used to administer an employment examination within the meaning of § 1-19 (b)(6) G.S" Id., paragraph 11. This court agrees that the foregoing FOIC decisions are contradictory to the FOIC decision in the instant case.
The defendants have provided no contrary authority, but merely attempt to distinguish the foregoing authorities relied on by the plaintiffs, by arguing that the information at issue in the instant case is not examination data pursuant to the statute.
This court is cognizant of the fact that the construction of the Freedom of Information Act must be guided by a policy favoring disclosure and that exceptions to disclosure should be narrowly construed. Gifford v. Freedom of Information Commission,227 Conn. 641, 651 (1993). Additionally, the burden of establishing the applicability of an exception rests upon the party claiming it. Rose v. Freedom of Information Commission,221 Conn. 217, 232 (1992). At issue in the present case is the statutory meaning of the words "test questions, scoring keys and other examination data used to administer . . . [an] examination for employment . . ." under General Statutes § 1-19 (b)(6). In attempting to determine this statutory meaning, this court must give effect to the intent of the legislature. Furhman v.Freedom of Information Commission, 243 Conn. 427. 432 (1997). Neither party has provided this court with any authority in that regard. However, the meaning of these words within the statute presents a question of law for this court to determine. Board ofEducation v. Freedom of Information Commission, 217 Conn. 153,158 (1991). Thereafter, this court must determine whether the FOIC orders resulted from a correct application of the law to the subject matter of the FOIA request. New Haven v. Freedom ofInformation Commission, supra, 205 Conn. 774.
CT Page 12012 Here, the FOIC ordered disclosed the oral board panelists' scoring sheets containing the individual scores of the candidates made during the oral interview. Based upon the testimony at the FOIC hearing, a strong argument could be made that these scoring sheets are the equivalent of a scoring key which is specifically exempted from disclosure under § 1-19 (b)(6). Of course, the plaintiffs make the argument that all of the documents ordered disclosed were examination data used to administer an examination for employment. Thus, the meaning of "examination data" becomes critical. Data is defined as "[f]actual information, esp. information organized for analysis." American Heritage CollegeDictionary (3d Ed. 1993).
This court concludes that if the words "examination data" have any meaning at all under the statute, that meaning must include the documents and information at issue here. The information and documents ordered disclosed by the FOIC again include the oral board panelists' scoring sheets, the written answers of candidates and the taped oral answers of those candidates. This court finds that the written answers, the taped oral answers and the panelists' scoring sheets are examination data within the meaning of § 1-19 (b)(6). To order disclosure of the answers of the candidates is the equivalent of ordering disclosure of the test questions which are specifically exempted from disclosure under the statute.
This court concludes that the FOIC made an error in law in its interpretation of General Statutes § 1-19 (b)(6) by ordering the disclosure of the documents and information in the present case which are examination data used to administer an examination for employment.
Accordingly, based on the foregoing, the decision of the FOIC is reversed and the plaintiffs' appeal therefrom is sustained.
Michael Hartmere, Judge