TOWN OF WINDHAM *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.
(AC 17064)

Foti, Lavery and Daly, Js.

Argued February 27—officially released April 28, 1998

*Richard S. Cody*, for the appellant (plaintiff).

*Victor R. Perpetua*, commission counsel, with whom, on the brief, was *Mitchell W. Pearlman*, general counsel, for the appellee (named defendant).

*Steven Edelman*, pro se, the appellee (defendant).

*Opinion*

FOTI, J. This is an appeal by the plaintiff town of Windham from the judgment of the trial court dismissing its appeal from the decision of the defendant freedom of information commission. On appeal, the town claims that the trial court improperly determined that the affidavits of town employees and officers (1) are public records pursuant to General Statutes § 1-18a (d),

(2) are not records pertaining to strategy and negotiations with respect to pending litigation pursuant to General Statutes § 1-19 (b) (4), and (3) are not protected from disclosure by the attorney-client privilege.[1] We agree that the affidavits are not public records pursuant to § 1-18a (d) and, therefore, reverse the judgment of the trial court.

The relevant facts are not in dispute. On November 17, 1994, a hearing was held before a commission hearing officer to consider the defendant Steven Edelman's complaints against the town and several of its officers and employees. At the hearing, the town's attorney proffered the sworn affidavits of certain town officials and employees. The hearing officer did not receive the affidavits into evidence and continued the matter to allow the affiants to testify in person.

On November 18, 1994, Edelman appeared at the office of the first selectman and requested from the town copies of affidavits signed by the town clerk, the executive secretary to the first selectman and the first selectman. The town clerk provided Edelman with a copy of her affidavit. The executive secretary informed Edelman that she did not have a copy of her affidavit.

---

[1] The town also claims that the trial court failed to decide whether §§ 1-21j-34 (b) and 1-21j-35 (a) of the Regulations of Connecticut State Agencies govern the discovery and admissibility of evidence in proceedings before the commission. The trial court determined that this issue was not briefed by the town and, therefore, did not address it in its memorandum of decision. On appeal, the town claims that the issue was properly briefed. The town did not, however, move for rectification or articulation of the decision of the trial court. See Practice Book § 4051, now Practice Book (1998 Rev.) § 66-5; *Manchester* v. *Zoning Board of Appeals*, 18 Conn. App. 69, 70 n.1, 556 A.2d 1026, cert. denied, 212 Conn. 804, 561 A.2d 946 (1989). Therefore, the record furnishes no basis to conclude that the trial court erred. See *Gerber & Hurley, Inc.* v. *CCC Corp.*, 36 Conn. App. 539, 543, 651 A.2d 1302 (1995) (appellant's responsibility to secure adequate record for appellate review); *Dixon* v. *Trubisz*, 17 Conn. App. 216, 218, 551 A.2d 1259 (1988) (court will not remand case to correct deficiency appellant should have remedied).

The first selectman, Walter Pawelkiewicz, denied Edelman's request by a letter dated November 22, 1994.

By letters of complaint filed with the commission on December 5, 1994, Edelman challenged the town's denial of his request for access to the affidavits. On April 18, 1995, the original case for which the affidavits had been prepared was adjudicated and resolved.[2] The town's attorney subsequently provided Edelman with copies of the affidavits on June 30, 1995.[3]

On July 20, 1995, Edelman's complaint was heard before a commission hearing officer as a contested case. The hearing officer concluded that the affidavits signed by the first selectman, his executive secretary and the town clerk are public records within the meaning of § 1-18a (d). The hearing officer also concluded that the affidavits are not exempt from disclosure pursuant to § 1-19 (b) (4) and are not protected by the attorney-client privilege. On October 11, 1995, the commission approved the hearing officer's report and ordered that "[h]enceforth, the [town] shall strictly comply with the disclosure requirements of [General Statutes] §§ 1-15 and 1-19 (a)."[4]

[2] The affidavits were never entered into the record of the case decided on April 18, 1995.

[3] By letter of complaint filed with the commission on July 11, 1995, Edelman alleged that he is entitled to access to the *original* affidavits that are the subject of this case. The commission dismissed Edelman's complaint on May 8, 1996.

[4] Although copies of the affidavits sought by Edelman were provided by the town prior to the commission's decision, we conclude that the town's appeal is not moot. Our Supreme Court has held that where an order issued by the commission is prospective in nature and impacts obligations of the plaintiff in the future with respect to disclosure requests from members of the public, an appeal from that order is not moot even though the requested documents were voluntarily disclosed by the plaintiff prior to the commission's decision. See, e.g., *Domestic Violence Services of Greater New Haven, Inc.* v. *Freedom of Information Commission*, 240 Conn. 1, 8–9, 688 A.2d 314 (1997); *Gifford* v. *Freedom of Information Commission*, 227 Conn. 641, 649 n.9, 631 A.2d 252 (1993).

The town appealed from the commission's decision. The trial court rendered judgment dismissing the appeal, and this appeal followed.

We first set forth our standard of review. "Judicial review of the conclusions of law reached administratively is . . . limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of discretion." (Internal quotation marks omitted.) *Barnett* v. *Board of Education*, 232 Conn. 198, 207, 654 A.2d 720 (1995). "Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . *New Haven* v. *Freedom of Information Commission*, 205 Conn. 767, 774, 535 A.2d 1297 (1988). Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement. . . . *Griffin Hospital* v. *Commission on Hospitals & Health Care*, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986); see also *New Haven* v. *Freedom of Information Commission*, supra, 773–74; *Wilson* v. *Freedom of Information Commission*, 181 Conn. 324, 342–43, 435 A.2d 353 (1980). . . . *Perkins* v. *Freedom of Information Commission*, [228 Conn. 158, 164–65, 635 A.2d 783 (1993)]." (Internal quotation marks omitted.) *Connecticut Alcohol & Drug Abuse Commission* v. *Freedom of Information Commission*, 233 Conn. 28, 39, 657 A.2d 630 (1995).

The town claims that the trial court improperly determined that the affidavits of town employees and officers are public records pursuant to § 1-18a (d). Section 1-18a (d) defines "[p]ublic records or files" as "any recorded data or information relating to the conduct

of the public's business prepared, owned, used, received or retained by a public agency, whether such data or information be handwritten, typed, tape-recorded, printed, photostated, photographed or recorded by any other method." In applying this statute to the facts found, the commission concluded that the affidavits of the town clerk, the executive secretary to the first selectman and the first selectman are "recorded information prepared and used by a public agency in the conduct of the public's business and, therefore, constitute public records . . . ."

In its memorandum of decision, the trial court improperly concluded that the affidavits were *received* by town employees and officers, and, therefore, are public records within the meaning of § 1-18a (d). The commission did not address, as the trial court did, whether the affidavits were *received* by a public agency. Rather, the commission concluded that the affidavits were *prepared* and *used* by a public agency. "[T]he limited scope of review set forth in [General Statutes] § 4-183 (j),[5] and expressed by our appellate courts, does not allow [the] result [reached by the trial court]. Here, the trial court improperly traveled a different path rather than determining whether the commission properly trod on the stepping stones of the path it took." *Hartford* v. *Freedom of Information Commission,* 41 Conn. App. 67, 74, 674 A.2d 462 (1996).

---

[5] General Statutes § 4-183 (j) provides in relevant part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ."

On the basis of our thorough review of the record, we conclude that the commission's decision that the affidavits relate to the conduct of the public's business and were prepared and used by a public agency is not supported by substantial evidence. At the July 20, 1995 hearing held before a commission hearing officer, the town's attorney, Richard Cody, testified that the affidavits were prepared by his office to assist him in defending the town against a complaint filed by Edelman with the commission. Cody also testified that the affidavits were never admitted into evidence in the underlying action. This testimony was undisputed. In addition, Cody's testimony was corroborated by the November 22, 1994 letter from Pawelkiewicz to Edelman. A copy of that letter is in the record and states that the affidavits requested by Edelman were "prepared . . . by the town's attorney to prepare for the hearing on [Edelman's] complaints before the [commission]." Thus, the record clearly reflects that the affidavits requested by Edelman were not prepared by a public agency, but rather by a private attorney to assist him in defending the town against a complaint pending before the commission. The record also reflects that the affidavits were not used by a public agency, but rather by the town's attorney, who is not a town employee, to prepare for the November 17, 1994 hearing before the commission.

We conclude that the commission's decision that the affidavits are public records pursuant to § 1-18a (d) does not reasonably and logically follow from the facts found by the commission. Our conclusion that the affidavits are not public records pursuant to § 1-18a (d) makes it unnecessary to address the other issues raised by the town on appeal.

The judgment is reversed and the case is remanded with direction to render judgment sustaining the plaintiff's appeal.

In this opinion the other judges concurred.